IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv–02683-GPG

CHARLES STOGSDILL,

      Applicant,

v.

PAMELA J. PLOUGHE, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant is a Colorado Department of Corrections inmate who is incarcerated at the Four Mile Correctional Center in Cañon City, Colorado.  Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, challenging his judgment of conviction in Larimer County District Court case number 08CR665.  Applicant has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

      On October 21, 2014, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents submitted their Pre-Answer Response (ECF No. 9) on October 27, 2014.  Although given the opportunity, Applicant did not file a reply.

      The Court must construe liberally the Application because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will deny the Application and dismiss this action.

## I. Background

After a jury trial, Applicant was convicted of attempted second-degree murder, felony menacing, four counts of third-degree assault against an at-risk adult, false imprisonment, two crime of violence counts, and multiple counts of violating a protection order.  (ECF No. 9-1 at 2; ECF No. 9-6 at 3.)  On January 14, 2010, the state trial court sentenced Applicant to 17 ½ years imprisonment.  (ECF No. 1 at 2; ECF No. 9-1 at 3; ECF No. 9-8 at 6.)  On March 2, 2010, Applicant filed a notice of appeal.  (ECF No. 9-8 at 5.)

While the appeal was pending, Applicant filed a Colo. App. R. 21 petition in the Colorado Supreme Court, raising a claim of statutory speedy trial.  The Colorado Supreme Court denied the petition on January 24, 2011.  (ECF No. 9-3 at 2.)

On May 6, 2011, Applicant filed a Colo. Crim. P. 35(c) postconviction motion alleging newly discovered evidence consisting of the victim's affidavit recanting her testimony.  (ECF No. 9-8 at 5; ECF No. 9-4 at 2.)  On June 6, 2011, Applicant filed a renewed motion to dismiss his direct appeal so that he could pursue his postconviction motion in the trial court.  (ECF No. 9-2 at 2-3.)  On June 29, 2011, the Colorado Court of Appeals dismissed the direct appeal.  (ECF No. 9-8 at 5.)  On July 27, 2011, the state trial court denied the postconviction motion on the merits.  (ECF No. 9-4.)  Applicant appealed and on November 29, 2012, the Colorado Court of Appeals affirmed the state trial court's order denying the postconviction motion.  (ECF No. 9-6.)

In August 2013, Applicant sent a letter to the state trial court that was construed as a postconviction motion alleging ineffective assistance of postconviction counsel.  (ECF No. 9-7; ECF No. 9-8 at 3.)  The state trial court denied the supplemented motion

on May 29, 2014.  (ECF No. 9-7.)  On July 18, 2014, Applicant filed a notice of appeal. (ECF No. 9-8 at 2.)  That appeal is still pending.

On September 30, 2014, Applicant filed his § 2254 Application presenting three claims for relief.  In claim one, Applicant asserts a violation of his constitutional and statutory right to a speedy trial.  In claim two, he alleges newly discovered evidence regarding the victim's recantation of testimony.  Finally, Applicant asserts a claim for ineffective assistance of postconviction counsel.

## B. One-Year Limitation Period

Respondents concede that this action is not barred by the one-year limitation period under 28 U.S.C. § 2244(d).

## C. Exhaustion of State Remedies

Respondents argue that Applicant's claims are not cognizable for relief on federal habeas review and that the claims are unexhausted and procedurally defaulted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  A blanket statement that state remedies have been exhausted does not satisfy this burden.  *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

## A.  Claim One

Applicant contends that his speedy trial rights were violated under the "Colorado Constitution . . . and the 6th Amendment pursuant to the United States Constitution" and pursuant to the statutory period under Colo. Rev. Stat. § 18-1-405.

Respondents argue that because Applicant only presents his claim as a question of state law, it does not present a federal question and should be dismissed. Respondents further contend that the claim is unexhausted and procedurally barred

because Applicant did not present this claim to the Colorado Court of Appeals, but rather presented this claim to the Colorado Supreme Court in his Colo. App. R. 21 motion and that any attempt to do so now in state court would be barred.

In the Application, Mr. Stogsdill makes a general and conclusory assertion of the deprivation of his Sixth Amendment right to a speedy trial but does not cite to any federal law and presents the claim as a violation of the six-month statutory speedy trial period under the Colorado statute.  Applicant's assertion that his right to a speedy trial under state law was violated does not implicate the federal habeas corpus statute.  *See* 28 U.S.C. § 2254; *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *see also Thomas v. Gibson,* 218 F.3d 1213, 1222 (10th Cir. 2000) (recognizing that "§ 2254 exists to correct violations of the United States Constitution, not errors of state law").

However, even assuming that the conclusory allegation that his Sixth Amendment right to speedy trial was violated is sufficient to state a federal habeas corpus claim, the claim is not exhausted.  Applicant had a direct appeal pending, but the Colorado Court of Appeals dismissed the appeal pursuant to Applicant's motion so that he could pursue his postconviction motion in the trial court.  (ECF No. 9-2 at 2-3.)  As a result, Applicant did not fairly present this claim to the state courts on direct appeal.

Applicant did present his speedy trial claim to the Colorado Supreme Court in his Colo. App. R. 21 motion.  The Rule 21 motion, however, does not satisfy the fair presentation requirement, which mandates that the state courts have one full opportunity to resolve any constitutional issues by one complete round of the State's established appellate review process.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see also Castille v. Peoples,* 489 U.S. 346, 351 (1989) (claim that has been presented to the state's highest court for the first and only time in a procedural context

in which its merits will not be considered unless there are special and important reasons therefor, raising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation"); *see also Glaser v. Everett,* 536 Fed. Appx. 817, 820 (10th Cir. 2013) (the Tenth Circuit found that the "C.A.R. 21 petition" Mr. Glaser filed in the Colorado Supreme Court did not satisfy the fair presentation requirement). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. As a result, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. *Glaser,* 536 Fed. Appx. at 820.

As a result, claim one is not exhausted. The Court, however, may not dismiss the claim for failure to exhaust state remedies if Applicant no longer has any adequate and effective state remedy available to him. *See Castille,* 489 U.S. at 351. The Court finds that no further state remedy exists because any future claim asserting a violation of his right to speedy trial would be denied as successive. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (prohibits claims that were or could have been presented in a prior appeal or post-conviction proceeding). Therefore, the Court finds that the claim is procedurally defaulted.

Applicant must therefore demonstrate cause for his procedural default and resulting prejudice or demonstrate that a fundamental miscarriage of justice will occur if the Court does not hear the merits of the claim. Applicant, however, does not allege any facts in his Application to excuse his procedural default. As such, claim one will be dismissed as procedurally barred.

**B. Claim Two**

Applicant argues that the state trial court violated his rights by denying his Rule 35(c) postconviction motion alleging newly discovered evidence consisting of the victim's recantation of her trial testimony.  (ECF No. 1 at 52-53.)

Respondents contend that Applicant fails to state a federal claim because he presented his claim in the state courts solely as a violation of state law and the claim focuses on the state trial court's credibility finding regarding the recanting victim. Respondents also argue that even construing the claim as a challenge to the state trial court's ruling because the prosecutor used allegedly perjured testimony in violation of the Constitution, the claim still fails to state a federal habeas claim.

The Court finds that claim two is not exhausted because the issue of newly discovered evidence was addressed by the Colorado Court of Appeals only with reference to state law and because the claim was not presented as a federal constitutional due process claim in the state court proceedings.  (*See* ECF No. 9-6; ECF No. 9-5.)  Moreover, the Court finds that no further state remedy exists because any future claim would be denied as successive because Applicant's newly discovered evidence claim has been rejected by the trial court and affirmed on appeal in a prior postconviction proceeding.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (prohibits claims that were or could have been presented in a prior appeal or post-conviction proceeding).  Therefore, the Court finds that the claim is procedurally defaulted.

Applicant must therefore demonstrate cause for his procedural default and resulting prejudice or demonstrate that a fundamental miscarriage of justice will occur if the Court does not hear the merits of the claim.  Applicant, however, makes no effort to demonstrate cause and prejudice.  Therefore, the Court need consider only whether Applicant can demonstrate that a failure to consider his claims in this action will result in

a fundamental miscarriage of justice.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496 (1986). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Applicant first must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Respondents do not address the issue of whether Applicant can demonstrate actual innocence based on the victim's affidavit recanting her trial testimony. However, the Court has reviewed the file and finds that Applicant cannot establish a fundamental miscarriage of justice because he cannot demonstrate that no reasonable juror would have convicted him in light of the victim's affidavit. Attached to Respondent's Pre–Answer Response is a copy of the trial court's January 27, 2011, order denying Mr. Stogsdill's state court postconviction motion. (*See* ECF No. 9-4.) Applicant argued in his postconviction motion that his conviction should be vacated based on new evidence, which was the victim's affidavit recanting her trial testimony. The trial court denied the postconviction motion because the other evidence presented at trial was consistent with the victim's injuries and trial testimony and the circumstances of the victim's recantation were suspect. As a result, the trial court determined that the victim's recantation affidavit would not "probably produce an acquittal." (*Id.*)

8

The Court finds that, based on the other evidence, Applicant cannot demonstrate "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. As a result, the Court rejects the argument that a failure to consider this claim in this action will result in a fundamental miscarriage of justice. For these reasons, the Court finds that claim two is procedurally barred and must be dismissed.

## C.  Claim Three

Applicant asserts that his postconviction counsel was ineffective in violation of the Sixth Amendment.

Respondents contend that claim three in unexhausted because Applicant's opening brief is still pending in the Colorado Court of Appeals. Respondents further argue that the claim is not cognizable for relief on federal habeas review.

Applicant concedes that he has raised his claim for ineffective assistance of postconviction counsel in his Rule 35 postconviction motion, but that the motion is pending in the Colorado Court of Appeals. (ECF No. 1 at 52.) The Court, thus, finds that claim three is presently unexhausted.

Moreover, the Court agrees with Respondents that claim three fails to state a cognizable federal habeas claim. Although, ineffective assistance of postconviction counsel may establish cause for a procedural default under some circumstances, *see Martinez v. Ryan,* — US —, 132 S. Ct. 1309, 1320 (2012), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(I). Thus, claim three is not a cognizable claim for federal habeas relief.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied

for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If

Applicant files a notice of appeal he must pay the full $505 appellate filing fee or file a

motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth

Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application, ECF No. 1, is denied and the action is dismissed

with prejudice because claims one and two are unexhausted and procedurally defaulted

and claim three fails to state a cognizable federal habeas claim.  It is

FURTHER ORDERED that no certificate of appealability shall issue because

Applicant has not made a substantial showing that jurists of reason would find it

debatable whether the procedural ruling is correct and whether the underlying claim has

constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED January 5, 2015, at Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court